# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

In re:

      Charles Beresford Berbick,                Case No.: 16-19168-RBR

           Debtor.                         Chapter 13

_____/

## MULTIBANK 2009-1 RES-ADC VENTURE, LLC'S
## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AND
## MOTION TO DISMISS CHAPTER 13 CASE PURSUANT TO 11 U.S.C. § 1307

Creditor Multibank 2009-1 RES-ADC Venture, LLC ("Multibank") respectfully moves pursuant to 11 U.S.C. §§ 1307 and 1325 for an order denying confirmation of the Debtor's Chapter 13 Plan and for an order dismissing the bankruptcy case filed by Charles Beresford Berbick (the "Debtor"), and in support states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are §§ 105(a) and 1307 of the Bankruptcy Code and Bankruptcy Rules 1017, 9013 and 9014.

### BANKRUPTCY CASES

4.      The Debtor filed this Chapter 13 bankruptcy on June 29, 2016. *See* ECFB[1]#1.

---

[1] Papers filed in the Debtor's Chapter 13 Bankruptcy case shall be designated ECFB#___.

5.      The Debtor's wife/ex-wife, Sharon L. Berbick, filed her Chapter 13 Bankruptcy on June 30, 2016 in Bankr. Case No.: 16-19263-JKO. *See* ECFS[2]#1.

## BACKGROUND

6.      On or around October 17, 2003, the Debtor and Sharon Berbick took title to real property located in 28 Fanshawe Ln, Flagler County, Florida pursuant to Warranty Deed ("Fanshawe Ln Property").   Attached hereto as **Exhibit 1** is a true and correct copy of the Fanshawe Ln Property Warranty Deed. Despite being on the Warranty Deed, this property is not listed on the Debtor's Schedule A (ECFB#6).  This property was listed on Sharon L. Berbick's Schedule A-1.3 (ECFS#7) and is valued in the amount of $151,806.00.  Pursuant to zillow.com, the Fanshawe Ln Property is valued in the amount of $238,072.00.  Attached hereto as **Exhibit 2** is a true and correct copy of the Fanshawe Ln Property zillow.com page. The Sharon Berbick's Schedule D-2.1 (ECFS#7) lists a secured claim on the Fanshawe Ln Property in the amount of $160,110.64.

7.      On or about October 28, 2003, the Debtor and Charles Berbick took title to real property located in Flagler County, Florida pursuant to Warranty Deed.   Attached hereto as **Exhibit 3** is a true and correct copy of the Warranty Deed.  This property is listed on the Sharon Berbick's Schedule A-1.3 (ECFS#7) and is valued in the amount of $12,150.00.  Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

8.      On or around October 14, 2004, the Debtor and Sharon Berbick took title to real property located in Marion County, Florida pursuant to Quit Claim Deed.  Attached hereto as **Exhibit 4** is a true and correct copy of the Quit Claim Deed. This property is listed on the

---

[2] Papers filed in Sharon L. Berbick's Chapter 13 Bankruptcy case shall be designated ECFS#___.

Debtor's Schedule A-1.9 (ECFB#6) and valued in the amount of $4,704.00, but is not listed on Sharon L. Berbick's Schedule A (ECFS#7). Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

9.    On or around November 16, 2004, the Debtor and Sharon Berbick took title to real property located in Marion County, Florida pursuant to General Warranty Deed.  Attached hereto as **Exhibit 5** is a true and correct copy of the General Warranty Deed. This property is listed on the Debtor's Schedule A-1.10 (ECFB#6) and valued in the amount of $3,825.00, but is not listed on Sharon L. Berbick's Schedule A (ECFS#7). Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

10.    On or around December 3, 2004, the Debtor and Sharon Berbick took title to real property located in Marion County, Florida pursuant to General Warranty Deed.  Attached hereto as **Exhibit 6** is a true and correct copy of the General Warranty Deed. This property is listed on the Debtor's Schedule A-1.11 (ECFB#6) and valued in the amount of $3,700.00, but is not listed on Sharon L. Berbick's Schedule A (ECFS#7).  Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

11.    On or around May 25, 2005, the Debtor and Sharon Berbick took title to real property located in Marion County, Florida pursuant to General Warranty Deed.  Attached hereto as **Exhibit 7** is a true and correct copy of the General Warranty Deed. This property is listed on the Debtor's Schedule A-1.12 (ECFB#6) and valued in the amount of $7,400.00, but is not listed on Sharon L. Berbick's Schedule A (ECFS#7).  Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

12.    On or around September 9, 2005, Charles B. Berbick took title to real property located in Flagler County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 8** is a

true and correct copy of the Warranty Deed. On or around September 15, 2005, the Debtor transferred this property to himself and Sharon Berbick.  Attached hereto as **Exhibit 9** is a true and correct copy of the Quitclaim Deed evidencing same. This property is not listed on the Debtor's Schedule A (ECFB#6).  This property was listed on Sharon L. Berbick's Schedule A-1.2 (ECFS#7) and is valued in the amount of $300.00. Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

13.     On or around October 10, 2005, the Debtor and Sharon Berbick took title to real property located in Flagler County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 10** is a true and correct copy of the Warranty Deed. This property is not listed on the Debtor's Schedule A (ECFB#6).  This property was listed on Sharon L. Berbick's Schedule A-1.4 (ECFS#7) and is valued in the amount of $300.00. Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

14.     On or around October 28, 2005, the Debtor and Sharon Berbick took title to real property located in Clay County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 11** is a true and correct copy of the Warranty Deed. This property is listed on the Debtor's Schedule A-1.8 (ECFB#6) and valued in the amount of $15,000.00. Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

15.     On or around November 16, 2005, the Debtor took title to real property in Putnam County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 12** is a true and correct copy of the Warranty Deed.  This property is listed on the Debtor's Schedule A-1.5 (ECFB#6) and valued in the amount of $600.00.  However, on or about March 4, 2015,  the Debtor transferred this property to Sharon Berbick pursuant to Quitclaim Deed. Attached hereto as

**Exhibit 13** is a true and correct copy of the Quitclaim Deed. This property is not listed on Sharon Berbick's Schedule A (ECFS#7). Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

16.     On or around January 13, 2006, the Debtor and Sharon Berbick took title to real property located in Putnam County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 14** is a true and correct copy of the Warranty Deed. This property is listed on the Debtor's Schedule A-1.6 (ECFB#6) and valued in the amount of $1,801.00, but is not listed on Sharon L. Berbick's Schedule A (ECFS#7). Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

17.     On or around August 8, 2006, the Debtor and Sharon Berbick took title to real property located in Putnam County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 15** is a true and correct copy of the Warranty Deed. This property is listed on the Debtor's Schedule A-1.7 (ECFB#6) and valued in the amount of $4,116.00, but is not listed on Sharon L. Berbick's Schedule A (ECFS#7).  Neither Sharon Berbick's Schedule D (ECFS#7) nor the Debtor's Schedule D (ECFB#6) list a secured claim against this property.

18.     On or around September 20, 2011, the Debtor took title to real property located in Flagler County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 16** is a true and correct copy of the Warranty Deed. This property is listed on the Debtor's Schedule A-1.2 (ECFB#6) and valued in the amount of $7,200.00.   The Debtor's Schedule D-2.4 (ECFB#6) states that there is a secured claim against this property in the amount of $3,000.00, leaving an equity cushion available for creditors in the  amount of $4,200.00.

19.     On or around October 14, 2013, the Debtor took title to real property located in Flagler County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 17** is a true and

correct copy of the Warranty Deed. This property is listed on the Debtor's Schedule A-1.4 (ECFB#6) and valued in the amount of $7,500.00.  The Debtor's Schedule D-2.5 (ECFB#6) states that there is a secured claim against this property in the amount of $7,000.00, leaving an equity cushion available for creditors in the  amount of $500.00.

20.    On or around October 14, 2013, the Debtor took title to real property located in Flagler County, Florida pursuant to Warranty Deed.  Attached hereto as **Exhibit 18** is a true and correct copy of the Warranty Deed. This property is listed on the Debtor's Schedule A-1.3 (ECFB#6) and valued in the amount of $8,000.00.  The Debtor's Schedule D-2.6 (ECFB#6) states that there is a secured claim against this property in the amount of $7,000.00, leaving an equity cushion available for creditors in the  amount of $1,000.00.

21.    Upon information and belief, the Debtor and Sharon Berbick own real property located at 125 Nicklaus Drive, Frankfort, KY 40601-7809 ("Kentucky Property").   Upon information and belief, the Kentucky Property is valued in the amount of $190,000.00 and has equity available to creditors in the amount of $19,00.00.

22.    The Debtor's Schedule A-1.1 (ECFB#6) lists real property located at 2313 SW 85 Way, Hollywood, FL 33025 ("Hollywood Property").   The Debtor's Schedule C (ECFB#6) claims the Hollywood Property as exempt pursuant to Fla. Const. art. X, § 4(a)(1);  Fla. Stat. Ann. §§ 222.01 & 222.02.  However, the Debtor's Petition (ECFB#1) states that the Debtor lives at 1400 Saint Charles Pl, Hollywood, FL 33026 and Amended Petition (ECFB#12) states that the Debtor lives at 1400 Saint Charles Pl #214, Hollywood, FL 33026.

23.    On April 27, 2016, the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida entered the Final Judgment against the Debtor and Sharon Berbick, jointly and severally, in the amount of $105,054.25.

24.     The Debtor's Schedule B-3.1 (ECFB#6) lists a 2011 Mercedes Benz C300 valued in the amount of $15,300.00.   The Debtor's Schedule C (ECFB#6) claims $1,000.00 of the vehicle as exempt pursuant to Fla. Stat. Ann. § 222.25(1) and a secured claim against the vehicle in the amount of $12,713.00.  Therefore, the 2011 Mercedes Benz C300 has equity in the amount of $1,587.00.  The Debtor lists a second vehicle, a 2009 Lexus RX 350, on his Schedule B-3.2 (ECFB#6).

25.     The Debtor's Schedule B-18 (ECFB#6) lists three accounts with bonds, mutual funds, or publicly traded stocks as follows:

- Fidelity Investment account # 5184 valued in the amount of $841.51
- Fidelity Investment account # 9598 valued in the amount of $4,712.29
- Scottrade Account # 8063 valued in the amount of $6,183.25

(hereinafter collectively "Brokerage Accounts"). The Brokerage Accounts are not claimed as exempt.

26.     The Debtor's Schedule H (ECFB#6) does not show any co-debtors, despite the fact that Multibank's Final Judgment is against both the Debtor and Sharon Berbick, jointly and severally.

27.     The Debtor's Schedule I (ECFB#6) shows gross monthly income in the amount of $7,571.29.

28.     The Debtor's Statement of Financial Affairs Question 1 (ECFB#6) states that the Debtor is married.

29.     The Debtor's Statement of Financial Affairs Question 2 (ECFB#6) states that the Debtor has not lived  anywhere other than where he lives now in the last three (3) years.

30.     The Debtor's Statement of Financial Affairs Question 4 (ECFB#6) states that the Debtor's gross income for 2015 was $136,946.00 and his gross income for 2014 was $97,634.00.

31.     The Debtor's Statement of Financial Affairs Question 13 and 18 (ECFB#6) states that the Debtor did not transfer or gift any property to any person within the last two (2) years.

32.     On July 13, 2016, the Debtor filed his Official Form 122C-1 Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (ECF#7), which lists that the debts are primarily consumer debts and that the Debtor's total average monthly income in the amount of $7,734.24.

33.     The Debtor's Official Form 122C-2: Chapter 13 Calculation of Your Disposable Income (ECFB#8) lists the Debtor's monthly disposable income under § 1325(b)(2) in the amount of $5,399.24 per month.

34.     On July 13, 2016, the Debtor filed his Chapter 13 Plan (ECF#13) ("Plan"). The Plan provides for payment of $145.75 per month for months 1-5, $156.75 per month for months 6-20 and $99.00 per month for months 21 through 60.

35.     The Plan proposes to pay general unsecured creditors $0.00 per month for months 1-5, $10.00 per month for months 6-20 and $90.00 per month for months 21 through 60. Accordingly, the Debtor proposes to pay unsecured creditors at total of $3,750.00.

36.     On July 21, 2016, Multibank filed Proof of Claim 2-1 in the amount of $105,920.50.


## OBJECTION TO CONFIRMATION

37.     Multibank objects to confirmation of the Plan as such Plan fails to comply with 11 U.S.C. §§ 1325.  The "debtor has the burden to prove that all elements of 11 U.S.C. § 1325 have

been satisfied." *In re Santiago*, 404 B.R. 564, 70 (Bankr. S.D. Fla. 2009), which Debtor has

failed and/or refused to do.

### A.    The Plan the Liquidation Test and Best Interest of Creditors Test

38.    Multibank objects to confirmation pursuant to 11 U.S.C. § 1325(a)(4) and (b)(1)

as the statutes provide that a Chapter 13 plan cannot be confirmed unless it satisfies what is

known as the "best interest of creditors test" and "liquidation test." *In re Brown*, 402 B.R. 384

(Bankr. M.D. Fla. 2008).  Section 1325(a)(4) provides:

> (a) Except as provided in subsection (b), the court shall confirm a
> plan if—
>     (4) the value, as of the effective date of the plan, of the
> property to be distributed under the plan on account of each
> allowed unsecured claim is not less than the amount that would be
> paid on such claim if the estate of Debtor were liquidated under
> chapter 7 of this title on such date.

39.    The value of the property to be distributed under the Plan is less than if the estate

of the Debtor were liquidated under Chapter 7.  Looking at the Brokerage Accounts valued in the

total amount of $11,737.05, the real properties listed in Paragraphs 6 through 20 *surpa* with a

total unencumbered value in the amount of $157,080.36, and the 2011 Mercedes Benz C300

with a total unencumbered value in the amount of $1,587.00 (for a total of $170,404.41),

Multibank would receive more in a liquidation than through the proposed Plan.

40.    Accordingly, the Plan violates § 1325(a)(4) and cannot be confirmed.

41.    Section 1325(b) mandates that "debtors pay either 100 percent of the unsecured

claims against the estate or use all of their disposable income to fund the plan." *In re Humphrey*,

165 B.R. 508, 510 (Bankr. M.D.Fla. 1994). In relevant part, the statute states:

> (b)(1) If the trustee or the holder of an allowed unsecured claim
> objects to the confirmation of the plan, then the court may not
> approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

42.     As detailed above, the value of the property to be distributed under the Plan is less than the amount of Multibank's claim.

43.     Further, the Plan does not provide for all of the Debtor's projected disposable income. The Debtor's Official Form 122C-2: Chapter 13 Calculation of Your Disposable Income (ECFB#8) lists the Debtor's monthly disposable income under § 1325(b)(2) in the amount of $5,399.24 per month.  The Plan proposes to pay general unsecured creditors $0.00 per month for months 1-5, $10.00 per month for months 6-20 and $90.00 per month for months 21 through 60. As the Debtor proposes to pay unsecured creditors at total of $3,750.00, the Plan violates 11 U.S.C. § 1325 (b)(1)

44.     Accordingly, the Plan fails to meet the confirmation standards of § 1325(b)(1)(B)'s disposable income test and § 1325(a)(4)'s best interests of creditors test.

**B.     The Plan Was Proposed In Bad Faith**

45.     Pursuant to 11 U.S.C. §§ 1325(a)(3) and (7), the filing of the Plan and bankruptcy petition was not done in good faith.  "In conducting the good faith inquiry, the totality of the circumstances must be considered." *In re Humphrey*, 165 B.R. 508, 510–11 (Bankr. M.D.Fla. 1994). The Eleventh Circuit has approved a non-exclusive list of factors for determining good faith:

1. the amount of Debtor's income from all sources;
2. the living expenses of Debtor and his dependents;
3. the amount of attorney's fees;

4. the probable or expected duration of Debtor's chapter 13 plan
5. the motivations of Debtor and his sincerity in seeking relief under the provisions of chapter 13;
6. Debtor's degree of effort;
7. Debtor's ability to earn and the likelihood of fluctuation of his earnings;
8. special circumstances such as inordinate medical expense;
9. the frequency with which Debtor has sought bankruptcy protection;
10. the circumstances under which Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors;
11. the burden which the plan's administration would place on the trustee;
12. any exceptional circumstances in the case;
13. the type of debt and whether it would be nondischargeable in chapter 7;
14. accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court....

*Id.* at 511 (*quoting In re Kitchens*, 702 F.2d 885, 888 (11th Cir.1983)).

46.     The Plan fails to meet the good faith requirements of 11 U.S.C. §1325. While Multibank acknowledges that the *Kitchens* totality of the circumstances test is not an exact science, multiple *Kitchens* factors support denial of confirmation pursuant to 11 U.S.C. §§ 1325(a)(3) and (7).

47.     First and foremost, on its face, the Plan is **not** confirmable. Considering the Debtor's income, the Debtor is able to pay general unsecured creditors in full over the life of the Plan. The Debtor

48.     Considering Factor 1, the Debtor makes in excess of a hundred thousand dollars per year, with 2015 gross income in the amount of $136,946.00 and 2014 gross income in the amount of $97,634.00.   The Debtor has ample funds to pay unsecured creditors, including Multibank, in full over the life of this Chapter 13 bankruptcy case but has decided to play games with the Court, the Chapter 13 Trustee and Multibank.

49.    While the Debtor's attorney's fees on their face are not unreasonable, the proposed attorney's fees demonstrate the inequities in the Debtor's Plan in violation of Factor 3. The Debtor makes in excess of $ proposes to pay his attorney $3,650.00 over the life of the Plan while general unsecured creditors receive $3,750.00 over sixty (60) months.  The Debtor's gross monthly income is $7,734.24, the Debtor's Official Form 122C-2: Chapter 13 Calculation of Your Disposable Income (ECFB#8) lists the Debtor's monthly disposable income under § 1325(b)(2) in the amount of $5,399.24 per month, yet the Debtor is not even attempting to make a meaningful distribution to creditors.

50.    The only conclusion, especially considering Factors 5 and 6, is that the Debtor is not sincere in seeking relief under Chapter 13 and is not making a good faith effort to repay his creditors, including Multibank, the Debtor's largest unsecured creditor. The Debtor filed bankruptcy shortly after Multibank received a judgment. The other unsecured debts listed on the Debtor's schedules are credit card debts, all of which are small in relation to the Multibank's money judgment, and minimal non-dischargeable student loan debt.

51.    Further, the Debtor has not explained why he did not list the various parcels of real property on his Schedule A (ECFB#1). The Debtor could have made an accurate statement of his assets and proposed a plan utilizing the monthly disposable income under § 1325(b)(2) in the amount of $5,399.24 per month.

52.    All of the above factors demonstrate Debtor is retaining significant assets, which are indisputably luxuries including the Brokerage Accounts, the Mercedes Benz C300 and other assets, without making any meaningful distribution to unsecured creditors cannot satisfy the good faith requirements of 11 U.S.C. §1325. The Debtor seeks to keep their luxuries while discharging their liability to Multibank, which appears to be her largest unsecured debt.

## MOTION TO DISMISS

53.     Pursuant to 11 U.S.C. § 1307, Multibank requests that the Debtor's Chapter 13 case be dismissed.

54.     Section 1307(c) Section 1307(c) provides that upon request of a party in interest or the United States Trustee, a court may dismiss a chapter 13 for cause and sets forth a non-exclusive list of examples. Although it is not specifically listed as an example, lack of good faith in filing a bankruptcy petition constitutes cause for dismissal under § 1307(c). *In re McGovern*, 297 B.R. 650, 655–56 (S.D.Fla.2003)(stating "that the filing of a chapter 13 petition in bad faith may constitute cause for dismissal under 11 U.S.C. § 1307(c)") (citations omitted); *In re Farber*, 355 B.R. 362, 366 (Bankr. S.D. Fla. 2006); *In re Haning*, 252 B.R. 799, 807 (Bankr.M.D.Fla.2000); *In re Fretwell*, 281 B.R. 745, 749-50 (Bankr. M.D. Fla. 2002). A motion to dismiss for lack of good faith is measured by the same standard (*Kitchens supra*) for determining good faith at confirmation. *Farber*, 355 B.R. at 366; *Fretwell*, 281 B.R. at 749-50 (citations omitted).

55.     As stated above, the circumstances of the Debtor's bankruptcy case supports dismissal. The Debtor has failed and/or refused to make a candid and full disclosure to the Court, particularly with the real properties, and has failed to make a genuine effort to repay his creditors, including Multibank.

56.    The Debtor has had ample opportunity to make a full and honest disclosure and fully comply with the Bankruptcy Code. Instead of fulfilling his responsibilities, the Debtor has played games with his schedules, Plan and other pleadings.

57.    Accordingly, Multibank respectfully requests that the Court dismiss the Debtor's Chapter 13 case.

## CONCLUSION

58.    The Debtor has ignored the requirements of a Chapter 13 Plan, and appears to have filed his petition in bad faith in the hopes of stalling the post judgment remedies of Multibank, rather than having any actual intent to reorganize.  Accordingly, Multibank requests that the Court sustain the objection to the Plan and dismiss the Debtor's bankruptcy case.

59.    The deficiencies in Debtor's Plan set forth in this objection are intended to be non-exhaustive.  Multibank  reserves the right to raise additional objections to the Plan at or prior to the confirmation hearing.

WHEREFORE, Multibank 2009-1 RES-ADC Venture, LLC requests the entry of an Order (1) denying confirmation of the Plan; (2) dismissing this Chapter 13 case; and (3) granting such other and further relief as is just and appropriate.

Dated:  August 3, 2016

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

JONES WALKER LLP
*Attorneys for Multibank 2009-1 RES-ADC Venture, LLC*
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Email:  bturner@joneswalker.com
Telephone:  (305) 679-5700
Facsimile:  (305) 679-5710

By: __/s/ Barry Turner_____
Barry S. Turner, Esq.
Florida Bar No. 85535

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties receiving service via ECF, including those listed below, on August 3, 2016.

**ECF:**

- **Diego                Mendez**                          info@mendezlawoffices.com, ana.solano@mendezlawoffices.com;mlolawbestcase@gmail.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Robin R Weiner**    ecf@ch13weiner.com;ecf2@ch13weiner.com

**US Mail:**

*All Matrix Creditors*

By: __/s/ Barry Turner_____
Barry S. Turner, Esq.

Label Matrix for local noticing
113C-0
Case 16-19168-RBR
Southern District of Florida
Fort Lauderdale
Tue Aug  2 16:35:50 EDT 2016

A1 Imaging Center LLC
Attn # 8669M
P.O. Box 14000
Belfast, ME 04915-4033

Ally Financial
200 Renaissance Ctr
Detroit, MI 48243-1300

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Cbna
Po Box 6283
Sioux Falls, SD 57117-6283

Chase Auto
Po Box 901003
Ft Worth, TX 76101-2003

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

Clear Spring Loan Serv
18451 N Dallas Pkwy Ste
Dallas, TX 75287-5202

Comenity Bank/vctrssec
220 W Schrock Rd
Westerville, OH 43081-2873

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Dsnb Macys
9111 Duke Blvd
Mason, OH 45040-8999

Fia Cs
Po Box 982238
El Paso, TX 79998-2238

Internal Revenue Service Centralized Insolve
P. O. Box 7346
Philadelphia, PA 19101-7346

Mtgsvc/chrls Schwab Bk
2001 Bishops Gate Blvd
Mount Laurel, NJ 08054-4604

Multibank
C/OJones Walker LLP
201 S. Biscayne Blvd. Ste. 2600
Miami, FL 33131-4341

Multibank 2009-1 RES-ADC Venture, LLC
c/o Jones Walker LLP
201 S. Biscayne Blvd., Suite 2600
Miami, FL 33131-4341

Nelnet Lns
Po Box 1649
Denver, CO 80201-1649

Nelnet on behalf of RIHEAA
Navient Solutions, Inc. On behalf of RIH
ATTN: Bankruptcy Litigation Unit E3149 P
Wilkes-Barre, PA 18773-9430

Ocwen Loan Servicing L
12650 Ingenuity Dr
Orlando, FL 32826-2703

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Pnc Bank
Po Box94982 Attcreditloan Dipu
Cleveland, OH 44101-4982

Pnc Mortgage
Po Box 8703
Dayton, OH 45401-8703

Portfolio Recovery Ass
120 Corporate Blvd Ste 1
Norfolk, VA 23502-4962

Select Portfolio Svcin
Po Box 65250
Salt Lake City, UT 84165-0250

Syncb/amazon
Po Box 965015
Orlando, FL 32896-5015

Syncb/hh Gregg
C/o Po Box 965036
Orlando, FL 32896-0001

Syncb/jcp
4125 Windward Plaza
Alpharetta, GA 30005-8738

Syncb/jewelry Express
C/o P.o. Box 965036
Orlando, FL 32896-0001

Syncb/lowes
Po Box 956005
Orlando, FL 32896-0001

Syncb/old Navy
Po Box 965005
Orlando, FL 32896-5005


Syncb/sams Club
4125 Windward Plaza
Alpharetta, GA 30005-8738

Syncb/sync Bank Luxury
950 Forrer Blvd
Kettering, OH 45420-1469

Wfds/wds
Po Box 1697
Winterville, NC 28590-1697


Charles Beresford Berbick
1400 Saint Charles PL # 214
Hollywood, FL 33026-3224

Diego Mendez Esq.
POB 228630
Miami, FL 33222-8630

Robin R Weiner
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355-9007


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


American Honda Finance
1235 Old Alpharetta Rd
Alpharetta, GA 30005

Bk Of Amer
Po Box 982238
El Paso, TX 79998

Capital One Bank Usa N
15000 Capital One Dr
Richmond, VA 23238


End of Label Matrix
Mailable recipients    38
Bypassed recipients     0
Total                  38

# Exhibit 1

Record & Return to:
American Pioneer

Prepared By: Buddy Hughes
Professional Title Agency, Inc. 112 W. Indiana Ave.
2 Pine Lakes Parkway North, Suite 6
Palm Coast FL 32137
Deland, FL 32720
incidental to the issuance of a title insurance policy.
File Number: f0823
Parcel ID# 07-11-31-7010-00310-0020
Grantee(s) SS#

REC: 6
DOC: 105.00
INT:

Inst No:2003018456 Date:04/07/2003
Doc Stamp-Deed :    105.00
GAIL WADSWORTH, FLAGLER Co.    Time:06:48
Book: 915    Page: 669   Total Pgs:    1

OFF
REC 0915 PAGE 0669

*WARRANTY DEED*
(INDIVIDUAL)

This *WARRANTY DEED*, dated **03/28/2003** by
    **VINCENT A. MAINIERO**
whose post office address is:
    **28 BREWSTER ROAD, MILFORD CT 06460**
hereinafter called the GRANTOR, to
    **CHARLES B. BERBICK and SHARON L. BERBICK, husband and wife**
whose post office address is:
    **28 FANSHAWE LANE PALM COAST FL 32137**
hereinafter called the GRANTEE:
(Wherever used herein the terms "Grantor" and "Grantee" include all parties to this instrument and the heirs, legal representatives and
assigns of individuals, and the successors and assigns of corporations.)
*WITNESSETH:* That the GRANTOR, for and in consideration of the sum of $10.00 and other valuable considerations,
receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms
unto the GRANTEE, all that certain land situate in FLAGLER County, Florida, viz:

Lot 2, of Block 31, of Palm Coast, Map of FLORIDA PARK, Section 10, according to the plat thereof, recorded in
Plat Book 6, Pages 43 through 53, inclusive, of the Public Records of Flagler County, Florida. As amended by
instrument recorded in Official Records Book 35, at Page 528, of the Public Records of Flagler County, Florida.

This is does not constitute the homestead of the property of the Grantor. It is vacant land.

*SUBJECT TO* covenants, conditions, restrictions, reservations, limitations, easements and agreements of record, if any;
taxes and assessments for the year 2003 and subsequent years, and to all applicable zoning ordinances and/or restrictions
and prohibitions imposed by governmental authorities, if any,

*TOGETHER* with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

*TO HAVE AND TO HOLD*, the same in fee simple forever.

*AND THE GRANTOR* hereby covenants with said GRANTEE that except as above noted, the GRANTOR is lawfully
seized of said land in fee simple; that the GRANTOR has good right and lawful authority to sell and convey said land;
that the GRANTOR hereby fully warrants the title to said land and will defend the same against the lawful claims of all
persons whomsoever.

IN WITNESS WHEREOF, GRANTOR has signed and sealed these presents the date set forth above.

SIGNED IN THE PRESENCE OF THE FOLLOWING WITNESSES:

Witness #1 Signature: _Marie P. MacP___
Witness #1 Print Name: _Marie P. MacPhail___

Witness #2 Signature: _Carol A Pollard___
Witness #2 Print Name: _CAROL A POLLARD___

_Vincent A Mainiero___
VINCENT A. MAINIERO

State of **Connecticut**
County of _New Haven_

I am a notary public of the state of ___**Connecticut**___ and my commission expires: _10-31-03_
THE FOREGOING INSTRUMENT was acknowledged before me on **03/28/2003** by:
    **VINCENT A. MAINIERO**
who is personally known to me or who has produced ___drivers license___ as identification.

Notary Seal

Signature: _Marie P. MacP___

MARIE P. MACPHAIL
NOTARY PUBLIC    Notary Public
MY COMMISSION EXPIRES OCT. 31, 2003

# Exhibit 2



CORRECT HOME FACTS    ♡ SAVE    ⊘ HIDE    SHARE    MORE ▾      ⬈ EXPAND    ✕ CLOSE

**Public**    Owner NEW

# 28 Fanshawe Ln,
Palm Coast, FL 32137

**-- beds · 3 baths ·
2,687 sqft** Edit

Edit home facts for a more accurate Zestimate.

**OFF MARKET**

Zestimate®:
**$238,072**

Price this home

Rent Zestimate®:
$1,500/mo

Est. Refi Payment
**$826/mo**

▦ ▾

**See current rates**

---

## Thinking About Selling?
Find a local agent who can give you a professional estimate of your home value.

**GET A PROFESSIONAL ESTIMATE**

☑   **Edmund Giancola**   PREMIER AGENT
★★★★★ (5)
1 Recent sales

☐   **Laurent Alves**   PREMIER AGENT
★★★★★ (15)
15 Recent sales

☐   **Alina Pekarsky**   PREMIER AGENT
★★★★★ (66)
93 Recent sales

👤 Your Name

📞 Phone

✉ barry.turner@gmail.com

I own this home and would like a professional estimate at 28 Fanshawe Ln, Palm Coast, FL 32137.

Contact Agent

Learn how to appear as the agent above

# Exhibit 3

Record & Return to:
Professional Title - Palm Coast
REC: 6
DOC: 112.00
INT:

Prepared By: Anjanette Stevens
Professional Title Agency, Inc.
2 Pine Lakes Parkway North, Suite 6
Palm Coast FL 32137
incidental to the issuance of a title insurance policy.
File Number: f1723
Parcel ID# 07-11-31-7027-00560-0190
Grantee(s) SS#

Inst No:2003059494 Date:10/28/2003
Doc Stamp-Deed :      112.00
GAIL WADSWORTH, FLAGLER Co.
Book: 1001    Page: 1957  Total Pgs:    Time:14:07
                                          1

*WARRANTY DEED*
(INDIVIDUAL)

OFF REC **1001** OF **1957**

This *WARRANTY DEED*, dated **10/17/03** by
  **GEORGE CHARLES**
whose post office address is:
  **288 Crown Street   Apt 2J,  Brooklyn NY  11225**
hereinafter called the GRANTOR, to
  **CHARLES B. BERBICK and SHARON L. BERBICK, husband and wife**
whose post office address is:
  **730 SW 94TH TERRACE, PEMBROKE PINES, FL 33025**
hereinafter called the GRANTEE:
(Wherever used herein the terms "Grantor" and "Grantee" include all parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations.)
*WITNESSETH:*  That the GRANTOR, for and in consideration of the sum of $10.00 and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the GRANTEE, all that certain land situate in **Flagler** County, Florida, viz:

  **Lot 19, of Block 56, of Palm Coast, Map of WYNNFIELD, Section 27, according to the plat thereof, recorded in Plat Book 9, Page(s) 36 through 50, inclusive of the Public Records of Flagler County, Florida.**

**Grantor hereby warrants that the property described in this instrument is not his constitutional homestead as provided by the Florida Constitution.**

*SUBJECT TO* covenants, conditions, restrictions, reservations, limitations, easements and agreements of record, if any; taxes and assessments for the year 2003 and subsequent years; and to all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any,

*TOGETHER* with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

*TO HAVE AND TO HOLD*, the same in fee simple forever.

*AND THE GRANTOR* hereby covenants with said GRANTEE that except as above noted, the GRANTOR is lawfully seized of said land in fee simple; that the GRANTOR has good right and lawful authority to sell and convey said land; that the GRANTOR hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, GRANTOR has signed and sealed these presents the date set forth above.

SIGNED IN THE PRESENCE OF THE FOLLOWING WITNESSES:

Witness #1 Signature: _Sherville JnBaptiste_
Witness #1 Print Name: SHERVILLE JN-BAPTISTE

_George Charles_
**GEORGE CHARLES**

Witness #2 Signature: _Jomo Bubb_
Witness #2 Print Name: JOMO BUBB

State of NEW YORK
County of KINGS

I am a notary public of the state of NY and my commission expires: AUGUST 15, 2006
THE FOREGOING INSTRUMENT was acknowledged before me on 10/17/03 by:
  **GEORGE CHARLES**
who is personally known to me or who has produced   drivers license   as identification.

Notary Seal

Signature: _Sherville JnBaptiste_
          SHERVILLE JN-BAPTISTE   Notary Public

SHERVILLE JN BAPTISTE
Notary Public, State of New York
No. 01JN077704
Qualified in New York County

06.

# Exhibit 4

(4)
10.00 Superior Title
23.70
1.00 index

RECORD AND RETURN TO

DAVID R. ELLSPERMANN, CLERK OF COURT MARION COUNTY
DATE: 12/03/2004 04:33:55 PM
FILE #: 2004176146 OR BK 03885 PG 1283

RECORDING FEES 10.00

DEED DOC TAX 23.70

Return To:
Prepared by:
CHARLES BERBICK
Parcel ID No: 2100-024-012
6122 Washington St.
Hollywood, Fl. 33023

# Quit Claim Deed

Made this October 14, 2004 A.D. by **CHARLES BERBICK and PETRONA CRAWFORD and JOHNNY VOLTAIRE,** 6122 Washington Street Hollywood, FL 33023 hereinafter called the grantor, to **CHARLES BERBICK AND SHARON BERBICK, HUSBAND AND WIFE,** whose post office address is: 730 Sw 94 Terrace, Pembroke Pines Fla. 33025. hereinafter called the grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the heirs, legal re-presentatives and assigns of individuals, and the successors and assigns of corporations)

**Witnesseth,** that the grantor, for and in consideration of the sum of $ TEN AND NO/100 DOLLARS ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, does hereby remise, release, and quit claim unto the grantee forever, all the right, title, interest, claim and demand which the said grantor has in and to, all that certain land situate in Marion County, Florida, viz:

Lot 12, Block 24, OCALA ESTATES, as per plat thereof recorded in Plat Book G, Page 103, 103A through 103H, Public Records of Marion County, Florida.

Said property is not the homestead of the Grantor(s) under the laws and Constitution of the State of Florida in that neither Grantor(s) nor any member of the household of Grantor(s) reside thereon.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said grantor, either in law or equity, to the only proper use, benefit and behoof of the said grantee forever.

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

*Signed, sealed and delivered in our presence:*

| | | |
|---|---|---|
| Witness Name: Heri Berbick | Printed | Charles Berbick _____ (Seal)<br>Charles Berbick<br>Address: 6122 Washington Street Hollywood, FL 33023 |
| Witness Name: Marcia Reed | Printed | Petrona Crawford _____ (Seal)<br>Petrona Crawford<br>Address: 6122 Washington Street Hollywood, FL 33023 |
| Witness Name: | Printed | _____ (Seal)<br>Johnny Voltaire<br>Address: 6122 Washington Street Hollywood, FL 33023 |
| Witness Name: | Printed | _____ (Seal)<br>Address: |

State of Florida
County of Broward

The foregoing instrument was acknowledged before me this ___11___ day, of October, 2004, by **CHARLES BERBICK and PETRONA CRAWFORD and JOHNNY VOLTAIRE,** who is personally known to me or who has produced a driver license as identification.

Notary Public
Print Name: Marcia Reed
My Commission Expires: _____



MARCIA REID
MY COMMISSION # DD 220342
EXPIRES: June 8, 2007
Bonded Thru Notary Public Underwriters

Quit Claim Deed
Closers' Choice

# Exhibit 5

Prepared by:
Sarah Beller
All American Land Title Insurance Agency, LTD.
2233 S.E. Fort King Street, Suite A
Ocala, Florida 34471

File Number: AM0410050

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 11/29/2004  12:20:37 PM
FILE #: 2004172413  OR BK 03879 PGS 1995-1996

RECORDING FEES 18.50

DEED DOC TAX 80.50

10.50
$8.50
80.00
99.

## General Warranty Deed

Made this November 16, 2004 A.D. By **Charles Tormey, Individually and as Trustee**, hereinafter called the grantor, to **Charles Berbick and Sharon Berbick husband and wife**, whose post office address is: 6122 Washington Street, Hollywood, FL 33033, hereinafter called the grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

**Witnesseth,** that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in  Marion County, Florida, viz:

The West 1/2 of the SE 1/4 of the NE 1/4 of the SE 1/4 of the SW 1/4 of Section 24, Township 17 South, Range 20 East, Marion County, Florida, LESS AND EXCEPT road rights of way.

Said property is not the homestead of the Grantor(s) under the laws and constitution of the State of Florida in that neither Grantor(s) or any members of the household of Grantor(s) reside thereon.

Parcel ID Number: 4090-431-000

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31, 2004.

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

*Signed, sealed and delivered in our presence:*

_____
Witness Printed Name  PAUL MCNAMARA

_____
Witness Printed Name  Wendy Grenda

State of  CALIFORNIA
County of  SAN DIEGO

*Charles Tormey TTEE*_____ (Seal)
Charles Tormey, Individually and as Trustee
Address: 16321 Del Amo Court, Romona, CA 92065

_____ (Seal)
Address: PO BOX 3284
Ramona, CA 92005

The foregoing instrument was acknowledged before me this _11_ day of November, 2004, by Charles Tormey, Individually and as Trustee, who is/are personally known to me or who has produced  drivers license as identification.

_____
Notary Public
Print Name:  PAUL MCNAMARA

My Commission Expires: 11-22-2005

PAUL MC NAMARA
Comm. # 1331503
NOTARY PUBLIC-CALIFORNIA
San Diego County
My Comm. Expires Nov. 22, 2005

SEAL

DEED Individual Warranty Deed With Non-Homestead-Legal on Face
Closers' Choice

# ALL-PURPOSE ACKNOWLEDGEMENT

State of California

County of _SAN DIEGO_ } SS.

On _11-11-04_ before me, _Paul McNamara_,
(DATE)                                        (NOTARY)

personally appeared _CHARLES FOX TORNLEY_
                                                              (SIGNER(S))

☐ personally known to me    - OR -    ☑ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

PAUL MC NAMARA
Comm. # 1331503
NOTARY PUBLIC - CALIFORNIA
San Diego County
My Comm. Expires Nov. 22, 2005

WITNESS my hand and official seal.

_Paul McNamara_
NOTARY'S SIGNATURE

## OPTIONAL INFORMATION

The information below is not required by law. However, it could prevent fraudulent attachment of this acknowledgement to an unauthorized document.

**CAPACITY CLAIMED BY SIGNER (PRINCIPAL)**

☑ INDIVIDUAL
☐ CORPORATE OFFICER

_____
TITLE(S)

☐ PARTNER(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

**SIGNER IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)
_SELF_

**DESCRIPTION OF ATTACHED DOCUMENT**

_NOTICE TO NOTARY_
TITLE OR TYPE OF DOCUMENT

_ONE_
NUMBER OF PAGES

_NONE._
DATE OF DOCUMENT

OTHER

RIGHT THUMBPRINT
OF
SIGNER

APA 5/99                        VALLEY-SIERRA, 800-362-3369

# Exhibit 6

Prepared by:
Christy Tippett
All American Land Title Insurance Agency, LTD.
2233 S.E. Fort King Street, Suite A
Ocala, Florida  34471

File Number:  AM0410017

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY

DATE: 01/11/2005  09:41:34 AM

FILE #: 2005005762   OR BK 03922 PG 0785

**RECORDING FEES 10.00**

DEED DOC TAX 79.80



## General Warranty Deed

Made this December 3, 2004 A.D. By **Robert Blankenship and Monica Blankenship, husband and wife,** hereinafter called the grantor, to **Charles Berbick and Sharon Berbick husband and wife,** whose post office address is:  730 S.W. 94th Terrace, Pembroke Pines, Florida  33025, hereinafter called the grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the  heirs, legal  representatives and assigns of individuals,  and  the  successors and assigns of corporations)

**Witnesseth,** that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in  Marion County, Florida, viz:

Tract # 324 of Florida Highlands; further described as the E 1/2 of the NE 1/4 of the SW 1/4 of the NW 1/4 of the SW 1/4 of Section 20, Township 17 South, Range 21 East, Marion County, Florida.

Parcel ID Number: **4123-324-000**

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31, 2004.

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

*Signed, sealed and delivered in our presence:*

_____

Witness Printed Name __SANDEEP KAPOOR__

_____ (Seal)
**Robert Blankenship**
Address: 604 Flat Rock Road, Louisville, KY  40245

_____

Witness Printed Name __T R Breland__

_____ (Seal)
**Monica Blankenship**
Address:  same as above

State of __Kentucky__
County of __Jefferson__

The foregoing instrument was acknowledged before me this 3rd day of December, 2004, by Robert Blankenship and Monica Blankenship, husband and wife, who is/are personally known to me or who has produced  drivers license as identification.

__MaryEllen McClure__
Notary Public
Print Name: __MARY ELLEN McCLURE__

My Commission Expires: __February 5, 2008__

DEED Individual Warranty Deed - Legal on Face
Closers' Choice

# Exhibit
# 7

R- 10.⁰⁰
DS- 206.50 ·

Prepared by:
Marilyn Childress
Affiliated Title of Marion County, Ltd.
2701 SE Maricamp Road, Suite 1
Ocala, Florida 34471

File Number: 05-1775

Record and Return to:
Affiliated Title
2701 SE Maricamp Road #1
Ocala, FL 34471

DAVID R. ELLSPERMANN, CLERK OF COURT  MARION COUNTY
DATE: 07/01/2005  11:31:53 AM
FILE #: 2005115198  OR BK 04089 PG 1609

RECORDING FEES 10.00

DEED DOC TAX 206.50  AB

## General Warranty Deed

Made this May 25, 2005 A.D. By **James W. Piper, Sr. and James W. Piper, Jr.**, 3764 Adirondack Drive, Colorado Springs, CO 80918, hereinafter called the grantor, to Charles Berbick and Sharon Berbick, husband and wife, whose post office address is: 6122 Washington Street, Hollywood, Florida 33023, hereinafter called the grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the  heirs, legal representatives and assigns of individuals, and  the  successors and assigns of corporations)

*Witnesseth,* that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in  Marion County, Florida, viz:

Tracts 477 and 478, FLORIDA HIGHLANDS an unrecorded subdivision more particularly described as follows:

The West 1/2 of the NW 1/4 of the SE 1/4 of the SE 1/4 of the SE 1/4 of Section 20, Township 17 South, Range 21 East, Marion County, Florida and the East 1/2 of the NW 1/4 of the SE 1/4 of the SE 1/4 of the SE 1/4 of Section 20, Township 17 South, Range 21 East, Marion County, Florida.
Said property is not the homestead of the Grantor(s) under the laws and constitution of the State of Florida in that neither Grantor(s) or any members of the household of Grantor(s) reside thereon.

*Together* with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.
*To Have and to Hold,* the same in fee simple forever.
*And* the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31, 2004.

*In Witness Whereof,* the said grantor has signed and sealed these presents the day and year first above written.
Signed, sealed and delivered in our presence:

Sign: *Kathleen M. Heady*
Print: KATHLEEN M. HEADY

Sign: *Joseph C. Todd Sr.*
Print: JOSEPH C. TODD SR.

James W. Piper, Sr.

James W. Piper, Jr.

State of FLORIDA      County of PINELLAS

The foregoing instrument was acknowledged before me this 25 day of May, 2005, by James W. Piper, Sr. and James W. Piper, Jr., who is/are personally known to me or who has produced  driver's license  as identification.

*Kathleen M. Heady*
Notary Public
Print Name:

NOTARY SEAL

My Commission Expires:

KATHLEEN M. HEADY
MY COMMISSION # DD 229069
EXPIRES: June 28, 2007
Bonded Thru Budget Notary Services

DEED Individual Warranty Deed With Non-Homestead-Legal on Face
Closers' Choice

# Exhibit 8

Inst No: 2005058386; 09/23/05 11:58AM; Book: 1323 Page: 1668; Total Pgs: 1
Doc Stamp-Deed $160.30          GAIL WADSWORTH, FLAGLER Co.



Return to:
Name:    *Sharon Chambers*
Address: SOUTHERN TITLE HOLDING COMPANY, LLC.
         2790 U.S. 1 SOUTH
         ST. AUGUSTINE, *Florida 32086*

This Instrument Prepared:
         Sharon Chambers
         SOUTHERN TITLE HOLDING COMPANY, LLC.
         2790 U.S. 1 SOUTH
         ST. AUGUSTINE, Florida 32086
as a necessary incident to the fulfillment of conditions
contained in a title insurance commitment issued by it.

Property Appraisers Parcel I.D. (Folio) Number(s):
2110282775000500378
Grantee(s) S.S.#(s):
File No:SA050048

## WARRANTY DEED

**This Warranty Deed** Made the 9th day of September, 2005, by **HANS H. BERTHOLD, A SINGLE PERSON,** hereinafter called the grantor, whose post office address is: 14641 S.W. 24TH STREET, DAVIE, Florida 33325

to **CHARLES BERBICK, A MARRIED PERSON,** whose post office address is: 2350 SW 86TH WAY, MIRAMAR, Florida 33025, hereinafter called the grantee,

WITNESSETH: That said grantor, for and in consideration of the sum of $10.00 Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in Flagler County, Florida, viz:

That portion of Section 22, Township 10 South, Range 28 East, Flagler County, Florida, described as follows:

Commence at the Northwest corner of said Section 22; thence run North 89 degrees 59 minutes 29 seconds East, along the North line of Section 22, 535.97 feet; thence run due South 194.87 feet to the Point of Beginning of the hereinafter described parcel of land; thence continue due South 165.00 feet; thence run due East 330.00 feet; thence run due North 165.00 feet; thence run due West 330.00 feet to the point of beginning.

Less the West 30 feet for road, utility and drainage purposes. Also described as Tract 378 of Unit V of the unrecorded plat of Flagler Estates.

The property is not the homestead of the Grantor(s).

**TOGETHER** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004, reservations, restrictions and easements of record, if any.

*(The terms "grantor" and "grantee" herein shall be construed to include all genders and singular or plural as the context indicates.)*

**In Witness Whereof,** Grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Signature: _____          _____ 9-7-2005
Printed Name: *Rocio Luna*

Witness Signature: _____          HANS H. BERTHOLD
Printed Name: *Carly J. Smith*

Witness Signature: _____
Printed Name:

Witness Signature: _____
Printed Name:

STATE OF *Florida*
COUNTY OF *Brevard*

The foregoing instrument was acknowledged before me this _7_ day of _September, 2005_ by HANS H. BERTHOLD, A SINGLE PERSON, who is/are personally known to me or who has/have produced driver license(s) as identification.

My Commission Expires: *Jun 03, 2007*

                                        Printed Name: *Rocio Luna*
                                        Notary Public
                                        Serial Number *DD 219477*

ROCIO LUNA
MY COMMISSION #DD219477
EXPIRES: JUN 03, 2007
Bonded through Advantage Notary

# Exhibit 9

Return to:
Name:    CHARLES BERBICK C/O HOMETRUST HOLDING REALTY
Address:  6122 WASHINGTON STREET,
          HOLLYWOOD, FL 33025

This Instrument Prepared by:

Property Appraisers Parcel I.D. 21-10-28-2775-00050-0378 (Folio) Number(s):

Grantee(s) S.S.#(s) █████████

### QUITCLAIM DEED
(INDIVIDUAL)

**THIS INDENTURE,** Made this 15th day of _September_, 2005, by and between *CHARLES BERBICK, a married man,* of 2350 SW 86 WAY, MIRAMAR, Fl 33025, hereinafter referred to as "Seller", and

**CHARLES BERBICK AND SHARON BERBICK, HUSBAND AND WIFE, 2350 SW 86 WAY, MIRAMAR, FL 33025 hereinafter** referred to as "Buyer",

**WITNESSETH:** That Seller, for and in consideration of the sum of $10.00 Dollars and other valuable considerations, lawful money of the United States of America, to Seller in hand paid by the Buyer, the receipt whereof is hereby acknowledged, has remised, released and quitclaimed to the Buyer, Buyer's heirs and assigns forever, all the rights, title, interest and claim of the Seller in and to the following described land in Flagler County, Florida, to wit:

That portion of Section 22, Township 10 South, Range 28 East, Flagler County, Florida, described as follows:

Commence at the Northwest corner of said Section 22; thence run North 89 degrees 59 minutes 29 seconds East, along the North line of Section 22, 535.97 feet; thence run due South 194.87 feet to the Point of Beginning of the hereinafter described parcel of land; thence continue due South 165.00 feet; thence run due East 330.00 feet; thence run due North 165.00 feet; thence run due West 330.00 feet to the point of beginning.

Less the West 30 feet for road, utility and drainage purposes. Also described as Tract 378 of Unit V of the unrecorded plat of Flagler Estates.

**THIS QUIT CLAIM DEED IS BETWEEN HUSBAND AND WIFE FOR ESTATE PLANNING PURPOSES ONLY AND NOT SUBJECT TO DOCUMENT STAMPS**

**To Have and to Hold,** the above described premises, with the appurtenances, unto Buyer, Buyer's heirs and assigns forever.

**IN WITNESS WHEREOF,** Seller has executed this deed under seal on the date aforesaid.

Signed, Sealed and Delivered in Our Presence:

Witness Signature: _____
Witness Printed Name: _RICHLAND ANDERSON_

Witness Signature: _____
Witness Printed Name: _LARRY BECKFORD_

**CHARLES BERBICK**

STATE OF **FLORIDA** _Broward_
COUNTY OF _____

The foregoing instrument was acknowledged before me this _15_ DAY OF _September_, 2005 by CHARLES BERBICK, a married man, who is personally known to me or has produced driver license(s) as identification.

My Commission Expires: _____

Printed Name: _____
Notary Public
Serial Number

LARRY BECKFORD
MY COMMISSION # DD 112511
EXPIRES: July 21, 2006
Bonded Thru Notary Public Underwriters

# Exhibit 10

Prepared by and return to:
Kate Rawnsley
Republic Title and Trust Company
1928 Commerce Lane, Suite 1
Jupiter, FL 33458

File Number: 051042

(Space Above This Line For Recording Data)

# Warranty Deed

**This Warranty Deed** made this 10th day of October, 2005, between **Derrie Stull** whose post office address is **300 Via Royale Apt. 309, Jupiter, FL 33458**, grantor, and **Charles B. Berbick and Sharon Berbick, husband and wife** whose post office address is **2313 SW 85th Way, Miramar, FL 33025**, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in the **Flagler County, Florida**, to-wit:

That portion of Section 27, Township 10 South, Range 28 East, Flagler County, Florida, described as follows: Commence at the point of intersection of the East line of the West 1/4 of Section 21 of said Township 10 South, Range 28 East and the Northerly Right of Way line of the F.E.C. Railroad; thence run South 63 degrees 16 minutes 13 seconds East, along said Northerly Right of Way line, 7479.95 feet; thence run South 63 degrees 18 minutes 45 seconds East along said Northerly Right of Way line, 2175.79 feet; thence run North 26 degrees 43 minutes 47 seconds East, 378.40 feet to the Point of Beginning of the hereinafter described parcel of land; thence continue North 26 degrees 43 minutes 47 seconds East, 330.00 feet; thence run South 63 degrees 16 minutes 13 seconds East, 165.00 feet; thence run South 26 degrees 43 minutes 47 seconds West, 330.00 feet; thence run North 63 degrees 16 minutes 13 seconds West, 165.00 feet to the Point of Beginning. Less the Northerly 30 feet for road, utility an drainage purposes. Also described as Tract 819 of Unit V of the unrecorded plat of FLAGLER ESTATES.

Parcel Identification Number: 21-10-28-2775-00050-0819

Grantor further warrants that this property is not homestead nor is it contiguous to the homestead of the aforementioned. This property is vacant, unimproved land.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

*Warranty Deed - Page 1*

Signed, sealed and delivered in our presence:

Witness Name: _Kate Rawnsley_

Derric Stull

Witness Name: _Donna Harris_

State of _Florida_

County of _Palm Beach_

The foregoing instrument was acknowledged before me this _10th_ day of _October_ , 2005, by **Derric Stull**, she (✓ is personally known to me or (__) has produced _____ as identification.

Notary Public

Printed Name: _____

My Commission Expires: _____

NOTARY PUBLIC
Kate Rawnsley
Commission # DD447890
Expires July 6, 2009
STATE OF FLORIDA   Bonded Troy Fain - Insurance, Inc.  800-385-7019

ECC RD

*Warranty Deed - Page 2*

# Exhibit 11

CFN # 2005087645, OR BK 2636  Pages 1694 - 1695, Recorded 11/22/2005 at 09:53
AM,    James B. Jett Clerk Circuit Court, Clay County, Doc. D  $180.60
Deputy Clerk PATTONC



Prepared by:
Robert J. Head, Jr.
Head, Moss, Fulton & Noble, P.A.
1530 Business Center Drive, Suite 4
Orange Park, Florida 32003

File Number: BERBICK/COVENA

**5 MIN. RETURN**

## Warranty Deed

Made this 28th day of October, 2005 A.D. By  Covenant Financial Services, LLC, hereinafter called the Grantor, to Charles Berbick and Sharon Berbick, his wife, whose address is:  2313 Southwest 85 Way, Miramar, Florida 33025, hereinafter called the Grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the  heirs, legal  representatives and assigns of individuals,  and  the  successors and assigns of corporations)

Witnesseth, that the Grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the Grantee, all that certain land situate in  Clay County, Florida:

See Exhibit "A" attached hereto and by this reference made a part hereof.

Parcel ID Number: 07-05-24-006411-028-04

SUBJECT to taxes for the current year, covenants, restrictions and easements of record, if any.

Together with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

To Have and to Hold,  the same in fee simple forever.

And  the Grantor hereby covenants with saidGrantee that the grantor is lawfully seized of said land in fee simple; that the Grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31, 2004.

In Witness Whereof,  the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Printed Name  JANICE M. CONROY

Witness Printed Name  Sharon Emerso

Covenant Financial Services, LLC

_____ (Seal)
Greg Brooks, Managing Member
4336 Pablo Oaks Court, Jacksonville, Florida  32224

State of  FLORIDA
County of CLAY

The foregoing instrument was acknowledged before me this  17th day of November, 2005 by Greg Brooks, Managing Member of Covenant Financial Services, LLC, who is personally known to me.

Notary Public
Print Name: _____
My Commission Expires: _____

JANICE M. CONROY
Commission # DD0168850
Expires 12/25/2008
Bonded through
Florida Notary Assn., Inc.

DEED Individual Warranty Deed - Legal on Face
Closers' Choice

OR BK   2636   PG   1695

Exhibit "A"

The East 1/2 of Lot 28:

A parcel of land situated in Deer Park East, an unrecorded subdivision by Ard and Wright, Surveyors, dated June 1983, said lands lying in Section 7, Township 5 South, Range 24 East, Clay County, Florida; said parcel being more particularly described as follows:

Commence at the Southwest corner of said Section 7 and run South 00 degrees 25 minutes 39 seconds East along the West line thereof, a distance of 108.87 feet to the Southerly right of way ine of Carter Spencer Road; thence run North 88 degrees 46 minutes 24 seconds East along said Southerly right of way line, a distance of 1361.51 feet; thence run North 58 degrees 12 minutes 39 seconds East, along said Southerly right of way line, a distance of 1399.10 feet to an iron pipe; thence run North 72 degrees 01 minutes 18 seconds East, along said Southerly right of way line, a distance of 109.05 feet to the centerline of a 60 foot easement for ingress, egress and utilities, known as Silvermoss Circle; thence run South 17 degrees 58 minutes 42 seconds East along said centerline, a distance of 337.82 feet; thence run North 72 degrees 01 minutes 18 seconds East, 188.93 feet to an iron pipe and the point of beginning; thence continue North 72 degrees 01 minutes 18 seconds East 129.31 feet to an iron rod; thence run South 00 degrees 25 minutes 39 seconds East, 372.90 feet to an iron pipe in the centerline of a 60 foot easement for ingress, egress and utilities known as Silvermoss Circle; thence run South 89 degrees 39 minutes 44 seconds West, along said centerlin, a distance of 123.29 feet; thence run North 00 degrees 25 minutes 38 seconds West, 333.71 feet to the Point of Beginning.

# Exhibit 12

DS ST DEED .70 : 101.50    BK 1070 PG 1389



Prepared by
Brenda Mazzeo, an employee of
First American Title Insurance Company
1750 Tree Boulevard, Suite C
St. Augustine, Florida 32084
(904)829-9082

Return to:  Grantee

File No.: 2009-927672

# WARRANTY DEED

Made this _11 / 16_ , of 20_05_ by and between

**Joan P. McGovern, an unmarried woman and Barbara Porter Sheahan, an unmarried woman, conveying their non-homestead property**

whose address is: _4218 Valley Meadow Rd, Encino, CA 91436_    c/o Marker

hereinafter called the "grantor", to

**Charles Berbick**

whose post office address is:  ~~2350~~ 2313 **SE 86th Way, Miramar, FL 33025**
hereinafter called the "grantee":
(Which terms "Grantor" and "Grantee" shall include singular or plural, corporation or individual, and either sex, and shall include heirs, legal representatives, successors and assigns of the same)

**Witnesseth,** that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in **Putnam** County, **Florida**, to-wit:

**Lot 23, Block 11 of TROUT LAKE SHORES, according to the Plat thereof as recorded in Map Book 4, Page(s) 69, of the Public Records of Putnam County, Florida.**

Parcel Identification Number:  **04-10-24-9040-0110-0230**

**Subject to** all reservations, covenants, conditions, restrictions and easements of record and to all applicable zoning ordinances and/or restrictions imposed by governmental authorities, if any.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in any way appertaining.

FILE #: 0000565213
Page 1 of 4

DS ST DEED .70 : 101.50   BK 1070 PG 1390

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31st of 2004.

**In Witness Whereof,** the grantor has hereunto set their hand(s) and seal(s) the day and year first above written.

Joan P. McGovern                                   Barbara Porter Sheaham

Signed, sealed and delivered in the presence of these witnesses:

Witness Signature                                  Witness Signature

Print Name: GABRIELA GARCIA      Print Name: EMMA DEMRINGER

State of _____

County of _____

**The Foregoing Instrument was Acknowledged** before me on _____, by **Barbara Porter Sheahan** who is/are personally known to me or who has/have produced _____ as identification.

SEE ATTACHMENT FOR NOTARY

NOTARY PUBLIC

_____
Notary Print Name
My Commission Expires: _____

FILE #: 0000565213
Page 2 of 4

Page 2 of 2
2009 - 927672

DS ST DEED .70 : 101.50    BK 1070 PG 1391

State of FL

County of St. Johns

**The Foregoing Instrument was Acknowledged** Before me this 2 day of 12, 2005,  by Joan P. McGovern by Tim McGovern who is/are personally known to me or who  has/have produced valid driver's license(s)  as identification.

_Brenda E Mazzeo_
NOTARY PUBLIC

_Brenda E Mazzeo_
Notary Print Name
My Commission Expires: _9-3 06_

Witness: _Brenda E Mazzeo_
        Brenda E Mazzeo

Witness: _Jennifer F Brown_
        Jennifer F Brown

FILE #: 0000565213
Page 3 of 4

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

STATE OF CALIFORNIA                              }

COUNTY OF _LOS ANGELES_____                      } SS.

On _NOVEMBER 16, 2005_____ before me, the undersigned, a Notary Public in and for

said State personally appeared _BARBARA PORTER SHEAHAN_____
<div align="center">Name(s) of Signer(s)</div>

☐ Personally known to me OR ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

DS ST DEED .70 : 101.50   BK 1070 PG 1392

```
GABRIELA GARCIA
COMM. # 1351484
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires APR. 15, 2006
```

TIM SMITH, PUTNAM CO. CLERK OF COURT
RCD: 12/07/2005 @ 12:30

(Area above for official notarial seal)

Witness my hand and official seal.

_Gabriela Garcia_____
<div align="center">Signature of Notary</div>

_GABRIELA GARCIA_____
<div align="center">Name (Typed or Printed)</div>

| Capacity Claimed by Signer | Description of Attached Document |
|---|---|
| ☒ Individual(s)<br>☐ Corporate Officer(s) - Title(s) _____<br>_____<br>_____<br>_____<br><br>☐ Partner(s)<br>☐ Attorney-in-Fact<br>☐ Trustee(s)<br>☐ Guardian/Conservator<br>☐ Other: _____<br>_____<br><br>**Signer is Representing:** Name of person(s) or<br>Entity(ies) _____ | (Although this information is **optional**, it could prevent fraudulent attachment of this certificate to another document.)<br><br>This certificate is for attachment to the document described below:<br><br>Title or type of document _WARRANTY_<br>_DEED_____<br>_____<br>Number of pages _2_<br>Date of document _11/16/2005_<br>Signer(s) other than named above _N/A_<br><br><div align="center">**FILE #: 0000565213**<br>**Page 4 of 4**</div> |

SAV-191A (7/98)

# Exhibit 13

Inst. Number: 201654012733 Book: 1446 Page: 1057 Page 1 of 2 Date: 7/25/2016 Time: 3:39 PM
Tim Smith Clerk of Courts, Putnam County, Florida Doc Deed: 0.70

Prepared By & Return to:
Kristine M. Johnson, Esq.
10620 Griffin Road, Suite 106
Cooper City, Florida 33328

Inst: 201654012733 Date: 07/25/2016 Time: 3:39PM Doc Stamp-
Deed: 0.70 By: CH, DC, Tim Smith, Putnam, County Page 1 of 2
B: 1446 P: 1057

**Property Appraisers Parcel Identification**
**04-10-24-9040-0110-0230**

Space Above This Line for Processing Data | Space Above This Line For Recording

### QUITCLAIM DEED

This instrument executed this _4th_ day of _March_ , 2016, by the first party, **Charles Berbick**, a single man, whose address is 1300 St. Charles Place, Apt B620, Pembroke Pines, Florida 33026, and **Sharon Berbick**, a single woman, whose address is _28 Panshawie Lane Palm Coast FL 32137_, as Grantors, to the second party, **Charles Berbick**, as Grantee.

WITNESSETH, that the said first party, for and in consideration of the sum of $10.00 and other valuable consideration in hand paid by the said second party whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said second party, as joint tenants in common with right of survivorship, all the right, title, interest, claim and demand which said first party has in and to the following described lot, place or parcel of land, situate, lying and being in the County of **Putnam** State of Florida to wit:

> *Lot 23, Block 11 of TROUT LAKE SHORES, according to the Plat thereof as recorded in Map Book 4, Page(s) 69, of the Public Records of Putnam County, Florida.*

THIS DOCUMENT was prepared using information provided by the parties and there are no warranties made as to the accuracy of the information contained herein at the parties' request. This deed is granted pursuant to the parties' Mediated Settlement Agreement, dated August 1st, 2014, in Case No.:FMCE14-001232 in the Broward County Circuit Court, and is part of equitable distribution. No title search has been conducted.

TO HAVE AND TO HOLD the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said first party, either in law or equity, to the only proper use, benefit and behalf of the said second party forever.

IN WITNESS WHEREOF, said first party has signed and sealed these presents the day and year first above forever.

Inst. Number: 201654012733 Book: 1446 Page: 1058 Page 2 of 2 Date: 7/25/2016 Time: 3:39 PM
Tim Smith Clerk of Courts, Putnam County, Florida Doc Deed: 0.70

SINGED, SEALED AND DELIVERED IN THE PRESENCE OF:

Witness:

Sharon Berbick

Witness:

STATE OF FLORIDA
COUNTY OF BROWARD

     The foregoing instrument was acknowledged before me on this 21 day of March 2016 by **Sharon Berbick**, who has produced _drivers_ as identification or who is personally known to me and who did take an oath. _license_

My Commission Expires:

> STEPHANY ACOSTA
> MY COMMISSION # FF 967787
> EXPIRES: March 6, 2020
> Bonded Thru Notary Public Underwriters

NOTARY PUBLIC, State of Florida

---

Witness: Kristine M Johnson

Charles Berbick

Witness: Sandra Mendez

STATE OF FLORIDA
COUNTY OF BROWARD

     The foregoing instrument was acknowledged before me on this 4 day of Mar., 2016 by **Charles Berbick**, who has produced _Driver license_ as identification or who is personally known to me and who did take an oath.

My Commission Expires:

> KRISTINE M JOHNSON
> MY COMMISSION #FF052648
> EXPIRES October 22, 2017
> (407) 398-0153  FloridaNotaryService.com

NOTARY PUBLIC, State of Florida

Page **2** of **2**

# Exhibit 14

DS ST DEED .70 : 73.50    BK 1077 PG 69

Prepared by:
Kevin R. Monahan
Attorney at Law
601 St. Johns Avenue
Palatka, FL 32177

Parcel ID Number: 07-10-24-4211-0070-0090

# Warranty Deed

**This Indenture,** Made this **13th** day of **January** , 2006 A.D. , **Between**
Aaron D. Whittington

of the County of **Putnam** , State of **Florida** , grantor, and
Charles Berbick and Sharon Berbick, husband and wife and David Berbick, a
single man
whose address is: **2313 SW 85 Way, Miramar, FL 33025**

of the County of **Broward** , State of **Florida** , grantees.

**Witnesseth** that the GRANTOR, for and in consideration of the sum of
------------------------**TEN DOLLARS ($10)**------------------------ DOLLARS,
and other good and valuable consideration to GRANTOR in hand paid by GRANTEES, the receipt whereof is hereby acknowledged, has
granted, bargained and sold to the said GRANTEES and GRANTEES' heirs, successors and assigns forever, the following described land, situate,
lying and being in the County of **Putnam** State of **Florida** to wit:

Lot 9, Block 7, INTERLACHEN VILLAS, as per plat thereof recorded in
Map Book 4, Page 125 of the Public Records of Putnam County, Florida.


The Grantor warrants that the above described property is not the
Grantor's homestead as that term is described pursuant to Article X,
Section 4, Constitution of the State of Florida because neither the
Grantor nor any dependants of the Grantor reside on the above
described real property or upon any contiguous thereto.

Subject to restrictions, reservations and easements of record, if
any, and taxes subsequent to 2005.



TIM SMITH, PUTNAM CO. CLERK OF COURT
RCD: 01/17/2006 @ 11:12

and the grantor does hereby fully warrant the title to said land, and will defend the same against lawful claims of all persons whomsoever.

**In Witness Whereof,** the grantor has hereunto set his hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

_____          _____ (Seal)
Printed Name: Robert P. Dailey               Aaron D. Whittington
Witness                                      P.O. Address: P.O. Box 1732, Interlachen, FL 32148-2148

_____
Printed Name: Jessica Mills                  **FILE #: 0000569855**
Witness                                      **Page 1 of 1**

**STATE OF** Florida
**COUNTY OF** Putnam
    The foregoing instrument was acknowledged before me this **13th** day of **January** , 2006 by
Aaron D. Whittington

he is personally known to me or he has produced his **Florida driver's license** as identification.


Notary Public State of Florida
Robert P Dailey
My Commission DD444435
Expires 09/23/2009

_____
Printed Name: Robert P. Dailey
Notary Public
My Commission Expires:    09/23/09

# Exhibit 15

DS ST DEED .70 : 84.00   BK 1110 PG 1446

Prepared by
Lugene McCartney, an employee of
First American Title Insurance Company
P. O. Box 754
Interlachen, Florida 32148
(386)684-2860

Return to:  Grantee

File No.: 2152-1278167

# WARRANTY DEED

This indenture made on *August 8th* 2006 A.D., by

**Andres J. Castellon, conveying nonhomestead property**

whose address is: ,  426 Lakeside Drive,Unit 242 Margate,FL   33063
hereinafter called the "grantor", to

**Charles Berbick and Sharon Berbick, husband and wife**

whose address is: , 2313 SW 85th Way  Miramar,FL   33025
hereinafter called the "grantee":
(Which terms "Grantor" and "Grantee" shall include singular or plural, corporation or individual, and either sex, and shall include heirs, legal representatives, successors and assigns of the same)

**Witnesseth,** that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in **Putnam** County, **Florida,** to-wit:

  **LOT 12, BLOCK 20, INTERLACHEN LAKES ESTATES, UNIT 7, ACCORDING TO THE PLAT THEREOF RECORDED IN MAP BOOK 4, PAGES 117A AND 117B OF THE PUBLIC RECORDS OF PUTNAM COUNTY, FLORIDA.**

**GRANTOR HEREIN AFFIRMS THAT SAID PROPERTY IS NOT HIS HOMESTEAD NOR IS IT CONTIGUOUS TO HIS HOMESTEAD AND INFACT HE RESIDES ELSEWHERE.**

Parcel Identification Number: 16-10-24-4066-0200-0120

**Subject to** all reservations, covenants, conditions, restrictions and easements of record and to all applicable zoning ordinances and/or restrictions imposed by governmental authorities, if any.

DS ST DEED .70 : 84.00    BK 1110 PG 1447

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in any way appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31st of 2005.

**In Witness Whereof**, the grantor has hereunto set their hand(s) and seal(s) the day and year first above written.

Andres J. Castellon

*Signed, sealed and delivered in our presence:*

Witness Signature

Print Name: Pattie Watson

Witness Signature

Print Name: Lugene M. McCartney

State of **FL**

County of **Putnam**

**The Foregoing Instrument Was Acknowledged** before me on August 8th 2006, by **Andres J. Castellon, conveying nonhomestead property** who is/are personally known to me or who has/have produced a valid driver's license as identification.

NOTARY PUBLIC

Lugene M. McCartney
Notary Print Name
My Commission Expires: 8/20/09

LUGENE M. McCARTNEY
Notary Public - State of Florida
My Commission Expires Aug 20, 2009
Commission # DD 459151
Bonded By National Notary Assn.

TIM SMITH, PUTNAM CO. CLERK OF COURT
RCD: 08/11/2006 @ 14:38

FILE #: 0000593506
Page 2 of 2



Page 2 of 2
2152 - 1278167

# Exhibit 16

Palm Coast, FL 32164
incidental to the issuance of a title insurance policy.
**File Number:11-0431**
**Parcel ID: 071131-7065-00550-0470**



# WARRANTY DEED
# (INDIVIDUAL)

This WARRANTY DEED dated September 20, 2011, by

**Terry Scott and Marjorie Scott, husband and wife**

whose post office address is:

**22 Woodston Lane, Palm Coast, Florida 32164**

hereinafter called the GRANTOR, to

**Charles Berbick**

whose post office address is:

**1300 St. Charles Place, Unit B 620, Pembroke Pines, FL 33026.**

hereinafter called the GRANTEE

(Wherever used herein the terms "Grantor" and "Grantee" include all parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations.)

WITNESSETH: That the GRANTOR, for and in consideration of the sum of $10.00 and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the GRANTEE, all that certain land situated in Flagler County, Florida, viz:

**Lot 47, of Block 55, of PALM COAST, MAP OF KANKAKEE RUN, SECTION 65, according to the plat thereof, as recorded in Map Book 17, Page 66, of the Public Records of Flagler County, Florida.**

**Grantor warrants this VACANT Property.**

SUBJECT TO covenants, conditions, restrictions, reservations, limitations, easements and agreements of record, if any; taxes and assessments for the year 2011 and subsequent years; and to all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any.

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in FEE SIMPLE forever.

IN WITNESS WHEREOF, GRANTOR has signed and sealed these presents the date set forth above.

SIGNED IN THE PRESENCE OF THE FOLLOWING WITNESSES:

AND THE GRANTOR hereby covenants with said GRANTEE that except as above noted, the GRANTOR is lawfully seized of said land in fee simple; that the GRANTOR has good right and lawful authority to sell and convey said land; that the GRANTOR hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever.

**Signed in the prescence of the following \*TWO DIFFERENT\* WITNESSES:**

#1 Witness
Signature: _____
Print Name: _____

Terry Scott

#2 Witness
Signature: _____
Print Name: _____

Marjorie Scott

State of : ____FL____
County of : ____FLAGLER____

THE FOREGOING INSTRUMENT was sworn and acknowledged before me on 20th day of September, 2011 by: Terry Scott and Marjorie Scott who is personally known to me or who has produced  a DRIVERS LICENSE as identification and who did take an oath.

( Notary Seal )                    NOTARY PUBLIC Signature: _____
                                   My Commission # 
                                   Expires: _____    Print Name: _____

# Exhibit 17

*Charles - 1.4*

Prepared By: **Patricia Milnes**
**Professional Title Agency, Inc.**
**50 Leanni Way, Suite D4**
**Palm Coast, Florida 32137**
incidental to the issuance of a title insurance policy.
File Number: **F-5627**
Parcel ID# **07-11-31-7030-00290-0090**

## *WARRANTY DEED*

This *WARRANTY DEED*, dated  **10/14/2013** by

**Terry Scott and Marjorie Scott, Husband and Wife**
Whose post office address is **22 Woodston Lane, Palm Coast, Florida 32164**
hereinafter called the GRANTOR, to

**Charles B. Berbick, married**
whose post office address is **1300 St. Charles Place, Unit B620, Pembroke Pines, Florida 33026**
hereinafter called the GRANTEE:

FCCRD

> (Wherever used herein the terms "Grantor" and "Grantee" include all parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations.)

*WITNESSETH:*  That the GRANTOR, for and in consideration of the sum of $10.00 and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the GRANTEE, all that certain land situate in **Flagler** County, Florida, viz:

**Lot 9, Block 29, Subdivision Plat of Royal Palms- Section 30, Palm Coast, according to the map or plat thereof, as recorded in Map Book 10, Pages 30 through 42, inclusive, of the Public Records of Flagler County, Florida.**

*SUBJECT TO* covenants, conditions, restrictions, reservations, limitations, easements and agreements of record, if any; taxes and assessments for the year **2013** and subsequent years; and to all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any,

*TOGETHER* with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

*TO HAVE AND TO HOLD*, the same in fee simple forever.

*AND THE GRANTOR* hereby covenants with said GRANTEE that except as above noted, the GRANTOR is lawfully seized of said land in fee simple; that the GRANTOR has good right and lawful authority to sell and convey said land; that the GRANTOR hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, GRANTOR has signed and sealed these presents the date set forth above.

SIGNED IN THE PRESENCE OF THE FOLLOWING WITNESSES:

Witness #1 Signature:

Witness #1 Print Name: PATRICIA MILNES

Witness #2 Signature:

Witness #2 Print Name: Anjanette Stevens

Terry Scott

Marjorie Scott

**STATE OF FLORIDA**
**COUNTY OF FLAGLER**

I am a notary public of the state of Florida and my commission expires:

THE FOREGOING INSTRUMENT was acknowledged before me on _10-14-13_ by:

**Terry Scott and Marjorie Scott, Husband and Wife**

who is personally known to me or who has produced ___drivers license___ as identification.

Notary Seal                    Notary Signature:

Patricia Milnes, Notary Public

PATRICIA MILNES
MY COMMISSION # EE 198556
EXPIRES: July 2, 2016
Bonded Thru Notary Public Underwriters

Warranty Deed **F-5627**

# Exhibit 18

Inst No: 2013037140; 10/28/13 11:34AM; Book: 1972 Page: 1025; Total Pgs: 2
   Doc Stamps-Deed$70.00            GAIL WADSWORTH, FLAGLER Co.

Prepared By: **Patricia Milnes**
**Professional Title Agency, Inc.**
**50 Leanni Way, Suite D4**
**Palm Coast, Florida 32137**
incidental to the issuance of a title insurance policy.
File Number: **F-5626**
Parcel ID# **07-11-31-7065-00330-0010**

### *WARRANTY DEED*

This *WARRANTY DEED*, dated  *10/14/13* .    by

**Terry Scott and Marjorie Scott, Husband and Wife**
Whose post office address is **22 Woodston Lane, Palm Coast, FL 32164**
hereinafter called the GRANTOR, to

**Charles B. Berbick** ,  married
whose post office address is **1300 St. Charles Place, Unit B620, Pembroke Pines, Florida 33026**
hereinafter called the GRANTEE:

> (Wherever used herein the terms "Grantor" and "Grantee" include all parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations.)

*WITNESSETH:*  That the GRANTOR, for and in consideration of the sum of $10.00 and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the GRANTEE, all that certain land situate in **Flagler** County, Florida, viz:

**Lot 1, Block 33, Subdivision Plat of Kankakee Run - Section 65, Seminole Woods at Palm Coast, according to the map or plat thereof, as recorded in Map Book 17, Pages 56 through 67, inclusive, of the Public Records of Flagler County, Florida.**

*SUBJECT TO* covenants, conditions, restrictions, reservations, limitations, easements and agreements of record, if any; taxes and assessments for the year **2013** and subsequent years; and to all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any,

*TOGETHER* with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

*TO HAVE AND TO HOLD*, the same in fee simple forever.

*AND THE GRANTOR* hereby covenants with said GRANTEE that except as above noted, the GRANTOR is lawfully seized of said land in fee simple; that the GRANTOR has good right and lawful authority to sell and convey said land; that the GRANTOR hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever.

Book:  1972  Page:  1026

IN WITNESS WHEREOF, GRANTOR has signed and sealed these presents the date set forth above.

SIGNED IN THE PRESENCE OF THE FOLLOWING WITNESSES:

Witness #1 Signature: _____

Witness #1 Print Name: PATRICIA MILNES

Terry Scott

Witness #2 Signature: _____

Witness #2 Print Name: **Anjanette Stevens**

Marjorie Scott

**STATE OF FLORIDA**
**COUNTY OF FLAGLER**

I am a notary public of the state of _Florida_ and my commission expires:

THE FOREGOING INSTRUMENT was acknowledged before me on _10-14-13_ by:

**Terry Scott and Marjorie Scott, Husband and Wife**

who is personally known to me or who has produced ___drivers license___ as identification.

Notary Seal                    Notary Signature: _____

                                                          Notary Public

PATRICIA MILNES
MY COMMISSION # EE 198556
EXPIRES: July 2, 2016
Bonded Thru Notary Public Underwriters

Warranty Deed **F-5626**                                        **Page 2 of 2**